**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NEWAGE SUPPLY, INC., | |
| Plaintiff, | |
| v. | Case No. 25-cv-00596 |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A", | Judge Sharon J. Coleman<br>Magistrate Judge Keri L. Holleb Hotaling |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
FOR ENTRY OF A PRELIMINARY INJUNCTION, CONTINUED
ASSET RESTRAINT, AND EXPEDITED DISCOVERY**

Plaintiff NewAge Supply, Inc. ("Plaintiff") submits this Memorandum of Law in Support of Plaintiff's Motion for Entry of a Preliminary Injunction, Continued Asset Restraint, and Expedited Discovery against Defendants listed in **Exhibit 1**[1].

## I. INTRODUCTION

Plaintiff brings the present action against all the Defendants identified in Schedule A to the Complaint (collectively, the "Defendants") for trademark infringement and counterfeiting (Count I), false designation of origin (Count II), violation of the Illinois Uniform Deceptive Trade Practices Act (Count III), and civil conspiracy (Count IV). As alleged in Plaintiff's Complaint, Defendants are reproducing, offering for sale, and/or selling products which infringe Plaintiff's federally registered trademarks ("PROFITNESS Trademarks"). Defendants are also promoting, marketing, distributing, offering for sale, and/or selling unauthorized versions of PROFITNESS branded products. Defendants are selling counterfeit products infringing Plaintiff's intellectual

---

[1] Exhibit 1 is a reduced list of the Defendants originally listed on Schedule A. The unlisted Defendants either have not been served or have settled and have been dismissed.

property (the "Counterfeit PROFITNESS Products") through various fully interactive, commercial internet stores operating under at least the Seller Aliases identified in Schedule A of the Complaint (collectively, "Defendant Internet Stores").

## II.   STATEMENT OF FACTS

On January 30, 2025, this Court granted Plaintiff's Motion for a Temporary Restraining Order (the "TRO"). [7]. The TRO authorized Plaintiff to provide notice of these proceedings and the preliminary injunction hearing to Defendants by electronically publishing a link to the Complaint, the TRO, and other relevant documents on a website and by sending an email to the email addresses provided for Defendants by third parties that includes a link to said website. [7 ¶ 8]. Since and pursuant to entry of the TRO, the accounts of Defendants listed on Exhibit 1, which are located on Amazon, eBay, and Walmart platforms, have been frozen. *See* Declaration of James E. Judge (hereinafter "Judge Decl.") at ¶ 2.

Plaintiff respectfully requests that the Court enter a preliminary injunction against Defendants on the same terms as the TRO, so that Defendants are enjoined from the manufacture, importation, distribution, offering for sale, and sale of counterfeit PROFITNESS Products during the pendency of this litigation. The conditions in place when the TRO was entered continue to apply. As part of the Preliminary Injunction, Plaintiff requests that Defendants' accounts remain frozen until completion of these proceedings.

## III.   ARGUMENT

### A. A Preliminary Injunction Extending Relief Already Included in the TRO is Appropriate

Plaintiff respectfully requests this Court to enter a preliminary injunction to prevent further unlawful conduct by Defendants. Courts in this District, in addressing similar allegations of Internet-based counterfeiting, have previously issued preliminary injunctions following a

2

temporary restraining order. *See, e.g., Deckers Outdoor Corporation v. P'ships, et al.,* No. 15-cv-3249 (N.D. Ill. May 6, 2015) (unpublished)*; Michael Kors, L.L.C. v. P'ships and Unincorporated Ass'ns Identified on Sched. "A"*, No. 13-cv-8612 (N.D. Ill. Dec. 5, 2013) (unpublished); *Calvin Klein Trademark Trust, et al. v. P'hips, et al.*, No. 13-cv-8186 (N.D. Ill. Nov. 19, 2013) (unpublished).

1. <u>This Court Has Already Found That the Requirements for a Preliminary Injunction Have Been Satisfied</u>

Since the standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit, the requirements for entry of a preliminary injunction have been satisfied. *See, e.g., Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, No. 1:01- cv-00905, 2001 WL 527404, *1 (N.D. Ill. May 15, 2001) (citations omitted). A temporary restraining order or preliminary injunction may be issued upon a showing that: "(1) there is a reasonable likelihood that Plaintiff will succeed on the merits; (2) Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) the balance of hardships tips in Plaintiffs' favor; and (4) the public interest will not be disserved by the injunction." *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996). By virtue of this Court's prior entry of the TRO, it has already found that the above requirements have been satisfied.

2. <u>The Equitable Relief Sought Remains Appropriate</u>

Courts are authorized to issue injunctive relief in accordance with the "principles of equity" and "on such terms as the court deems reasonable" to prevent or restrain the violation of a plaintiff's intellectual property rights. 15 U.S.C. § 1116(a) (a court "shall have power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent violation . . . under subsection (a) . . . of section 1125" of the Lanham Act).

Plaintiff requests conversion of the TRO to a preliminary injunction so that Defendants' accounts remain frozen. Since entry of the TRO, Amazon, eBay, and Walmart have provided Plaintiff with information, including the identification of financial accounts linked to the Seller Aliases which were offering for sale and/or selling Counterfeit PROFITNESS Products. In the absence of a preliminary injunction, Defendants may attempt to transfer financial assets to offshore accounts. Therefore, Defendants' assets should remain frozen for the remainder of the proceedings.

The amount of damages to which Plaintiff is entitled as set forth in the Complaint far exceeds any amount contained in any of the Defendants' frozen financial accounts. For example, Plaintiff's prayer for relief requests statutory damages of $2,000,000 from each Defendant. [1, 5]. In addition, as established in Plaintiff's Brief in Support of its Motion for a TRO [7-1], many federal courts, including the Northern District of Illinois, have granted orders preventing the fraudulent transfer of assets. *See, e.g., Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, No. 1:03-cv- 04844, 2005 WL 3115892 (N.D. Ill. Nov. 8, 2005). As such, an order continuing to freeze the Defendants' assets should be granted.

**B. There Is Good Cause to Extend the TRO Until There Is a Ruling on This Motion**

In the event that the Court does not rule on this Motion before the current TRO expiration date (February 27, 2025), Plaintiff also seeks to extend the TRO to maintain the status quo until there is a ruling on Plaintiff's Motion for Entry of a Preliminary Injunction. Rule 65 dictates that, under ordinary circumstances, a temporary restraining order cannot exceed fourteen (14) days, although the court may extend it "for a like period" for good cause. Fed. R. Civ. P. 65(b)(2). However, in *H-D Mich., LLC v. Hellenic Duty Free Shops S.A.*, the Seventh Circuit affirmed that allowing a TRO to remain in effect until a decision on a motion for preliminary injunction was proper. 694 F.3d 827, 843-45 (7th Cir. 2012). In affirming the TRO extension, the Seventh Circuit

4

explicitly recognized that there will be cases where the maximum twenty-eight (28) day limit does not give the parties sufficient time to prepare for a preliminary injunction hearing. *Id*. If the extension exceeds the maximum duration for a TRO under Rule 65(b), the extension "becomes in effect a preliminary injunction that is appealable, but the order remains effective." *Id*. at 844. *See also Christian Dior Couture, S.A. v. P'ships*, No. 21-cv-04861 (N.D. Ill. Nov. 19, 2021) (Dkt. No. 32) (further extending TRO to and including the date on which the Court would adjudicate the motion for preliminary injunction, exceeding the maximum duration for a TRO under Rule 65(b)); *Luxottica Group S.p.A. v. rbzxr.com*, No. 20-cv-02297 (N.D. Ill. May 12, 2020) (Dkt. No. 52) (same).

Plaintiff respectfully submits that there is good cause to extend the TRO until the Court rules on this Motion since there is a high probability that the Defendants will continue to harm Plaintiff without the TRO in place, especially since Defendants have notice of this case. Specifically, Defendants will likely attempt to move any assets from their financial accounts to offshore bank accounts without the TRO in place while this Motion is pending.

## IV. CONCLUSION

In light of the foregoing, Plaintiff respectfully requests that this Court enter a preliminary injunction against Defendants listed in **Exhibit 1**, and that the TRO be extended until there is a ruling on this Motion.

Dated: February 24, 2025                 Respectfully submitted,

/s/James E. Judge

Zareefa B. Flener (IL Bar No. 6281397)
James E. Judge (IL Bar No. 6243206)
Ying Chen (IL Bar No. 6346961)
Flener IP Law, LLC
77 W. Washington St., Suite 800
Chicago IL 60602
(312) 724-8874
jjudge@fleneriplaw.com