IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 25 CV 00596 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| THE PARTNERSHIPS AND ) | |
| UNINCORPORATED ASSOCIATIONS ) | |
| IDENTIFIED IN SCHEDULE "A," ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff NewAge Supply, Inc. ("Plaintiff") in this "Schedule A" case moves for default judgment against five defaulting defendants ("Defendants") pursuant to Federal Rule of Civil Procedure 55. For the following reasons, the Court grants in part and denies in part Plaintiff's motion for default judgment [51].

**I.      Background**

Plaintiff alleges that it is a "creator and seller of high-quality, unique innovative workout gear and gym equipment, including but not limited to weightlifting belts, resistance belts, barbells, lifting straps, knee wraps, and wrist wraps." (Dkt. 5 ¶ 5.) Plaintiff alleges that its products are recognizable under the "PROFITNESS" brand. (*Id.*) Plaintiff registered the trademarks PROFITNESS (Reg. No. 5,395,174) and PRO FITNESS (Reg. No. 5,444,159) (together, the "Trademarks") with the United States Patent and Trademark Office. (*Id.* ¶ 3.) Plaintiff alleges that Defendants sell unauthorized and unlicensed counterfeit and infringing products using counterfeit versions of Plaintiff's Trademarks.

Plaintiff now moves this Court to enter default judgment against Defendants, ordering that: (a) Defendants are liable on all counts of Plaintiff's complaint; (b) Plaintiff is entitled to an award of

1

statutory damages against each Defendant in the amount of $100,000; (c) Plaintiff is entitled to a permanent injunction prohibiting Defendants from making, importing, offering for sale, and selling their counterfeit/infringing products; (d) Defendants are prohibited from transferring assets out of their financial accounts; and (d) all current and newly discovered assets in Defendants' financial accounts up to the amount of the damages awarded—including funds held by Amazon, eBay, Walmart, associated payment processors, and any other platforms—be transferred to Plaintiff.

## II.     Discussion

The Lanham Act allows for statutory damages in cases "involving the use of a counterfeit mark . . . in connection with the sale, offering for sale, or distribution of goods or services." 15 U.S.C. § 1117(c). A plaintiff may recover "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed," and no more than $2,000,000 per counterfeit mark if the defendant's conduct is willful. *Id.* at § 1117(c)(1)–(2).

The district court enjoys broad discretion to award statutory damages. *See* 15 U.S.C. § 1117(a) (advising that district court may "enter judgment for such sum as the court shall find to be just"); *Volkswagen AG v. iman365-usa*, 2020 WL 977969, at *6 (N.D. Ill. Feb. 28, 2020) (Chang, J.). To assess trademark infringement damages, courts analogize case law applying the statutory damages scheme for copyright infringement, 17 U.S.C. § 504(b). *See, e.g.*, *Entm't One UK Ltd. v. 2012shiliang*, 384 F. Supp. 3d 941, 953 (N.D. Ill. 2019) (Leinenweber, J.); *River Light V, L.P. v. Zhangyali*, 2016 WL 4429758, at *3 (N.D. Ill. Aug. 22, 2016) (Shah, J.). "In setting the amount of statutory damages, the Court considers factors like 'the difficulty or impossibility of proving actual damages, the circumstances of the infringement, and the efficacy of the damages as a deterrent to future . . . infringement.'" *Volkswagen*, 2020 WL 977969, at *6 (quoting *Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1229 (7th Cir. 1991)).

Plaintiff's requested relief here is entirely, and unnecessarily, overbroad. First, Plaintiff requests $100,000 in statutory damages per Defendant. But Plaintiff fails to provide any meaningful description of "the circumstances of the infringement." *Id.* For example, Plaintiff provides no information about the duration of Defendants' infringing activity, Defendants' profits made in connection with the infringing activity, Defendants' estimated sales volume, Plaintiff's lost revenue, or the value or reputation of Plaintiff's Trademarks. As other courts in this district have held, "statutory damages must 'bear some relation' to actual damages." *Entm't One UK Ltd.*, 384 F. Supp. 3d at 953 (citing *Luxottica USA LLC v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, 2017 WL 836228, at *2 (N.D. Ill. Jun. 18, 2015) (Leinenweber, J.)). And the Seventh Circuit is clear that "the amount of harm that the infringer inflicts goes to the amount of damages . . ." *Gen. Elec. Co. v. Speicher*, 877 F.2d 531, 537 (7th Cir. 1989). Plaintiff provides barely any information at all to support an award of $100,000, let alone shows the amount of harm Defendants caused. Based on the information in the record, the Court reduces the statutory damages to $1,000 per Defendant.

Second, Plaintiff asks this Court to prevent Defendants from transferring any assets out of their financial accounts, regardless of whether they bear some connection to the infringement at issue. Without any information about what percentage of the assets in Defendants' financial accounts is actually derived from sales of the infringing products in this case, Plaintiff's request poses too great a risk that Defendants (who may very well also sell non-infringing products) will be unfairly burdened. Thus, the Court terminates any asset freeze currently imposed on Defendants' financial accounts.

The Court enters default judgment for Plaintiff and orders, in addition to that above, that: (a) Defendants are preliminarily enjoined from infringing Plaintiff's trademark; and (b) Plaintiff is entitled to $1,000 from each Defendant, which may be transferred to Plaintiff from Defendant's financial accounts.

3

**III.     Conclusion**

For the foregoing reasons, the Court grants in part and denies in part Plaintiff's motion for default judgment. Plaintiff is directed to submit a proposed order consistent with this Order within 7 days.

**IT IS SO ORDERED.**

_____

Sharon Johnson Coleman
United States District Judge

DATED: 9/2/2025